[Cite as *State v. Gray*, 2022-Ohio-939.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | No. 110963 |
| v. | : | |
| EMMANUEL GRAY, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, VACATED IN PART,
AND REMANDED
**RELEASED AND JOURNALIZED:** March 24, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-652582-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Tasha L. Forchione, Assistant Prosecuting
Attorney, *for appellant.*

James E. Valentine, *for appellee.*

MARY J. BOYLE, J.:

{¶ 1} Plaintiff-appellant, the state of Ohio, pursuant to R.C. 2953.08(B)(2), appeals as a matter of right the sentence imposed by the trial court on defendant-appellee, Emmanuel Gray ("Gray"). The state raises a single assignment of error:

Appellee's sentence is contrary to law because R.C. 2967.29(B) does not confer authority to common pleas courts to impose "3 years" of post-release control as opposed to a discretionary "period of post-release control of up to two years" for a felony of the third degree that is not an offense of violence and not a felony sex offense.

For the reasons set forth below, we vacate the postrelease-control portion of Gray's sentence and remand for a resentencing hearing limited to the imposition of the statutorily mandated period of postrelease control pursuant to R.C. 2967.28(C). The remaining portions of the trial court's judgment are affirmed.

{¶ 2} On December 23, 2020, Gray was indicted for having a weapon while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony (Count 1); tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony (Count 2); receiving stolen property in violation of R.C. 2913.51(A), a fourth-degree felony (Count 3); domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor (Count 4); and endangering children in violation of R.C. 2919.22(A), a first-degree misdemeanor (Count 5).

{¶ 3} After plea negotiations and almost a year later, on September 20, 2021, Gray withdrew his previously entered not guilty plea and pled guilty to a felony of the third degree as charged in Count 1, misdemeanor Counts 4 and 5 as indicted, and Count 3 as amended to a first-degree misdemeanor. Count 2 was dismissed.

{¶ 4} At the sentencing hearing held on October 21, 2021, the trial court sentenced Gray to 18 months in prison. The trial court sentenced Gray to six months on each of the remaining counts but suspended the jail terms and fines on those counts as well as the fine on Count 1. The trial court credited Gray with 244 days of

jail time. The trial court advised Gray that he would "be under post-release control supervision for a period of 3 years." The transcript shows that following discussion ensued:

> COURT: Is the State * * * satisfied [that the sentence is lawful]?
>
> STATE: Your Honor, I believe the defendant must be notified of the range of possible post-release control.
>
> COURT: Yes. I already said 3 years.
>
> STATE: But it's a minimum of 18 months up to 3 years.
>
> COURT: I was advised that I should specify a term of post-release control, and that would be 3 years. Count 1 would be having [a] weapon under disability, it's a Felony 3, and it could be up to a maximum of 3 years and I'm imposing the 3 years.
>
> STATE: I don't believe the Court has the authority to invoke a specific term.
>
> COURT: I was told that I should specify a term and, of course, the Parole Board may decide otherwise, but they would expect guidance from the Court in setting forth a PRC term. You have a different understanding of the law.
>
> STATE: I do have a different understanding, Your Honor. I was told a specific term was not to be stated on the record, that the defendant[ ] just must be advised of the range that he may receive upon release.
>
> COURT: It could be a maximum of 3 years served. I have been advised that I should specify a term of 3 years, it might very well be the Parole Board will see things otherwise, but that will be the Court's order here. * * * [W]hen I have in the past either not said or have been anything other than crystal clear as to what the PRC is going to be, I've been advised by the clerk of courts office that they cannot process such decisions, so that I must specify a PRC term, just so you know.
>
> STATE: Okay.

{¶ 5} In the accompanying sentencing journal entry dated October 26, 2021, the trial court stated, in relevant part, "3 years PRC."

**{¶ 6}** It is from this order that the state timely appeals, contending that Gray's sentence is contrary to law because the trial court was not authorized under R.C. 2967.29 to impose a definite three-year term of postrelease control as part of Gray's sentence.

**{¶ 7}** The state argues that the trial court's authority is limited by statute and that effective September 30, 2021, under amended R.C. 2967.28(B) and (C), an offender who is convicted of a third-degree felony that is neither a violent offense nor a felony sex offense is subject to a discretionary period of postrelease control of up to two years to be imposed by the parole board, not the court. The state requests that we vacate the three-year postrelease-control portion of Gray's sentence and either modify the sentence or remand for resentencing to impose a discretionary period of postrelease control of up to two years. Gray "agrees with, adopts, and * * * incorporates" into his responsive brief the state's statement of the case and facts, as well as the state's law and argument.[1]

**{¶ 8}** Postrelease control "is an additional term of supervision after an offender's release from prison that imposes certain restrictions on the offender and, if violated, it allows the APA [Adult Parole Authority] to impose conditions and consequences, including prison time, upon the offender." *State v. Bates*, Slip Opinion No. 2022-Ohio-475, ¶ 21 (citing R.C. 2967.01(N)). The purpose of

---

[1] We note that Gray filed a responsive brief conceding the error instead of filing a notice of conceded error. Because Gray concedes the state's sole assignment of error in his responsive brief, we review this appeal as submitted on the briefs. *See* Loc.App.R. 16(B).

postrelease control is to modify the offender's behavior and facilitate the offender's safe reintegration into the community. *Id.*, citing *Woods v. Telb*, 89 Ohio St.3d 504, 512, 733 N.E.2d 1103 (2000).

{¶ 9} Sections R.C. 2967.28(B) and (C) of the postrelease control statute were amended by 2021 H.B. 110, Section 101.01, effective September 30, 2021. This version was in effect at the time of Gray's sentencing and provides that

> (B) Each sentence to a prison term, other than a term of life imprisonment, for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is an offense of violence and is not a felony sex offense *shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment.* This division applies with respect to all prison terms of a type described in this division, including a term of any such type that is a risk reduction sentence. If a court imposes a sentence including a prison term of a type described in this division on or after July 11, 2006, the failure of a sentencing court to notify the offender pursuant to division (B)(2)(d) of section 2929.19 of the Revised Code of this requirement or to include in the judgment of conviction entered on the journal a statement that the offender's sentence includes this requirement does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under this division. This division applies with respect to all prison terms of a type described in this division, including a non-life felony indefinite prison term. Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in this division and failed to notify the offender pursuant to division (B)(2)(d) of section 2929.19 of the Revised Code regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence pursuant to division (D)(1) of section 2929.14 of the Revised Code a statement regarding post-release control. Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of postrelease control required by this division for an offender shall be of one of the following periods:
>
> (1) For a felony sex offense, five years;

(2) For a felony of the first degree that is not a felony sex offense, up to five years, but not less than two years;

(3) For a felony of the second degree that is not a felony sex offense, up to three years, but not less than eighteen months;

(4) For a felony of the third degree that is an offense of violence and is not a felony sex offense, up to three years, but not less than one year.

(C) Any sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (4) of this section *shall include a requirement that the offender be subject to a period of post-release control of up to two years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender.* This division applies with respect to all prison terms of a type described in this division, including a term of any such type that is a risk reduction sentence. Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in this division and failed to notify the offender pursuant to division (B)(2)(e) of section 2929.19 of the Revised Code regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence pursuant to division (D)(2) of section 2929.14 of the Revised Code a statement regarding post-release control. Pursuant to an agreement entered into under section 2967.29 of the Revised Code, a court of common pleas or parole board may impose sanctions or conditions on an offender who is placed on post-release control under this division.

(Emphasis added.) *State v. Wright*, 2021-Ohio-3818, 180 N.E.3d 32, ¶ 25 (8th Dist.).

{¶ 10} R.C. 2967.28(D)(1) grants discretion to the parole board or permits cooperation between the parole board and the trial court, pursuant to agreement under R.C. 2967.29, to determine whether to impose postrelease control and, if imposed, the conditions and restrictions of postrelease control. The APA has

"absolute discretion" over the postrelease-control portion of an offender's sentence. *Woods* at 512.

{¶ 11} We note that "any claim that the trial court has failed to properly impose postrelease control in the sentence must be brought on appeal from the judgment of conviction or the sentence will be subject to res judicata." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 43. The Ohio Supreme Court recently stated that when the state is the party aggrieved by the trial court's improper imposition of postrelease control, the state must raise a challenge on direct appeal or the sentence will be subject to res judicata. *Bates*, 2022-Ohio-475, at ¶ 22.

{¶ 12} Under R.C. 2953.08(B)(2), the state "may appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony" if "[t]he sentence is contrary to law." *Harper* at ¶ 43. R.C. 2953.08(G)(2) provides that

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

*State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. "R.C. 2953.08(G)(2)(b) permits an appellate court, upon finding that a sentence is clearly and convincingly contrary to law, to remand for resentencing" "limited to the proper imposition of postrelease control." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 29. Because a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing, any sentence imposed without proper notice of postrelease control is contrary to law. *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 8.

{¶ 13} A statutorily compliant imposition of postrelease control requires the trial court to advise the defendant of three things at the sentencing hearing and in the sentencing entry: "(1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the [APA] will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute." *Id.* at ¶ 1. "[A]ny error in the exercise of [the court's] jurisdiction in imposing postrelease control renders the court's judgment voidable, permitting the sentence to be set aside if the error [is] successfully challenged on direct appeal." *Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, at ¶ 4.

{¶ 14} In the instant case, Gray pled guilty to having a weapon while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony that is neither a

violent offense nor a felony sex offense. Under R.C. 2967.28(B) and (C), the trial court was required to inform Gray at his sentencing hearing that postrelease control is part of his sentence.[2] *Woods*, 89 Ohio St.3d at 513, 733 N.E.2d 1103. The trial court sentenced Gray following the effective date of amended R.C. 2967.28(C), which now provides that the trial court was required to impose a discretionary period of postrelease control of up to two years, after which the APA becomes responsible for implementing the postrelease control under R.C. 2967.28(D) if the APA "determines that a period of post-release control is necessary[.]" *See State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 50 (R.C. 2967.28(D)(1) grants authority to the APA "to impose 'conditions of release under a postrelease control sanction that the [parole] board considers appropriate[.]'").

{¶ 15} Based on the foregoing, we find that the trial court erred by imposing a specified period of three years of postrelease control, which is clearly and convincingly contrary to law. The trial court also erred when it did not inform Gray at the sentencing hearing and in its accompanying sentencing entry whether the postrelease control was discretionary or mandatory and did not advise Gray of the consequences of violating the conditions of postrelease control.

{¶ 16} The state's sole assignment of error is sustained.

---

[2] None of the postrelease-control periods enumerated under R.C. 2967.28(B)(1)-(4) applies.

**{¶ 17}** Accordingly, we vacate the specified term of three years of postrelease control imposed as part of Gray's sentence and remand for a resentencing hearing limited to the proper imposition of discretionary postrelease control under R.C. 2967.28(C), as amended by 2021 Ohio H.B. 110, Section 101.01, effective September 30, 2021. The remaining portions of the trial court's October 26, 2021 judgment are affirmed.

It is ordered that the parties share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MARY J. BOYLE, JUDGE

EILEEN T. GALLAGHER, P.J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR