[Cite as *State v. Bolan*, 2024-Ohio-2640.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

    v.                           :

LE'SONNE BOLAN,                         :

    Defendant-Appellant.        :

No. 113695

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** July 11, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-678871-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kerry A. Sowul, Assistant Prosecuting Attorney, *for appellee.*

Friedman, Gilbert, & Gerhardstein and Marcus Sidoti, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} The defendant-appellant Le'sonne Bolan ("Bolan") appeals his sentence, arguing the trial court erred when it failed to notify him in open court of all the statutorily required postrelease-control advisements. The State of Ohio ("the

State") submitted a "Notice of Conceded Error," agreeing with Bolan. After reviewing the facts of the case and pertinent law, we vacate the imposition of postrelease control and remand for resentencing consistent with R.C. 2967.28 and this opinion.

## I.    Facts and Procedural History

{¶ 2}    On December 20, 2023, Bolan entered a plea of guilty to aggravated vehicular homicide, a third-degree felony, in violation of R.C. 2903.06(A)(2). Prior to pleading guilty, Bolan affirmed that he understood when the court explained, "[I]f you were to go to prison, you would have one year up to five years of post-release control after you are released."

{¶ 3}    On February 6, 2024, the trial court sentenced Bolan to 36 months in prison, with a three-year class II suspension of his driver's license. The court also stated on the record, "[Y]ou will have a period of post-release control of 18 months up to three years."

{¶ 4}    The court's February 6, 2024 sentencing entry stated:

As a result of the conviction(s) in this case and the imposition of a prison sentence, and pursuant to R.C. 2967.28(F)(4)(C), the defendant will be subject to a period of post-release control of: a mandatory minimum 1 year, up to a maximum of 3 years. The Adult Parole Authority will administer the post-release control pursuant to R.C. 2967.28, and the defendant has been advised that if the defendant violates post-release control, the parole board may impose a prison term as part of the sentence of up to half of the stated prison term originally imposed upon the defendant in nine-month increments. If while on post-release control the defendant is convicted of a new felony, the sentencing court will have authority to terminate the post-release control and order a consecutive prison term of up to the greater of twelve months or the remaining period of post-release control.

Despite the language in its sentencing entry, at no time during sentencing hearing did the trial court advise Bolan of the consequences he faced if he violated postrelease control.

## II.  Law and Analysis

{¶ 5}  R.C. 2953.08(G)(2)(b) permits an appellate court, upon finding that a sentence is clearly and convincingly contrary to law, to remand for resentencing "'limited to the proper imposition of postrelease control.'" *State v. Gray*, 2022-Ohio-939, ¶ 12 (8th Dist.), quoting *State v. Fischer*, 2010-Ohio-6238, ¶ 29. R.C. 2929.19(B)(2)(f) identifies the trial court's notification obligations regarding the imposition of postrelease control.  Because a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing, any sentence imposed without proper notice of postrelease control is contrary to law.  *Gray* at ¶ 12 (reversing because, among other reasons, the court did not advise defendant of the consequences of violating the conditions of postrelease control), citing *State v. Grimes*, 2017-Ohio-2927, ¶ 8.

{¶ 6}  The Ohio Supreme Court has held that a trial court imposing postrelease control "'is duty-bound to notify [the] offender at the sentencing hearing about postrelease control and to incorporate postrelease control into its sentencing entry.'" *Grimes* at ¶ 1, quoting *State v. Jordan*, 2004-Ohio-6085, ¶ 22.  *See also State v. Bates*, 2022-Ohio-475, ¶ 23 ("[T]o validly impose postrelease control as part of a defendant's sentence, the trial court must orally provide all the required

advisements at the sentencing hearing and it must incorporate those advisements into the sentencing entry.")

{¶ 7} The Ohio Supreme Court has explained that

> to validly impose postrelease control when the court orally provides all the required advisements at the sentencing hearing, the sentencing entry must contain the following information: (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute.

*Grimes* at ¶ 1.

{¶ 8} Pertinent to this appeal, "The trial court must advise the offender at the sentencing hearing of . . . the consequences of violating post release control. . . . Among other consequences, an offender's violation of postrelease-control sanction or condition may result in the APA imposing a prison term on the offender." *Bates* at ¶ 11, citing *Grimes*, 2017-Ohio-2927, at ¶ 11, and R.C. 2967.28(F)(3).

{¶ 9} When the trial court fails to inform the offender of postrelease control pursuant to R.C. 2967.28, the imposition of postrelease control must be vacated and remanded for resentencing. *See State v. Wright*, 2021-Ohio-3818, ¶ 26 (8th Dist.) (vacating the imposition of postrelease control and remanding to the trial court for resentencing when the trial court imposed mandatory rather than discretionary postrelease control); *see also Gray*, 2022-Ohio-939, at ¶ 1 (8th Dist.) (vacating the postrelease-control portion of the defendant's sentence and remanding for limited

hearing on the imposition of the statutorily mandated period of postrelease control pursuant to R.C. 2967.28(C)).

{¶ 10} Here, although the journal entry asserts that "the defendant has been advised that if the defendant violates post-release control, . . ." a thorough review of the transcript of the sentencing hearing reveals that the trial court made no mention of the consequences Bolan would face should he violate postrelease control.

{¶ 11} Based on the foregoing, we find "'the sentence is clearly and convincingly contrary to law.'" *Gray* at ¶ 12, quoting *Fischer*, 2010-Ohio-6238, at ¶ 29. Further, we note that at Bolan's sentencing hearing, the trial court informed him that he will be subject to "post-release control of 18 months up to three years." The journal entry does not reflect that advisement. Instead, it provides, "defendant will be subject to a period of post-release control of: a mandatory minimum 1 year, up to a maximum of 3 years."

{¶ 12} Appellant's sole assignment of error is sustained. Judgment vacated as relates to the postrelease-control portion of Bolan's sentence and remanded to the trial court for the limited purpose of resentencing consistent with R.C. 2967.28 and this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MARY J. BOYLE, J., CONCUR