[Cite as *Capital One Bank USA, N.A. v. DeRisse*, 2016-Ohio-648.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| CAPITAL ONE BANK USA, N.A. | ) | CASE NO. 14 MA 75 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| ATIMOHA M. DeRISSE | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from the County Court
No. 2 of Mahoning County, Ohio
Case No. 13 CVF 299

JUDGMENT:     Affirmed.

APPEARANCES:

For Plaintiff-Appellee:     Atty. Matthew G. Burg
Weltman, Weinberg & Reis Co. L.P.A.
323 West Lakeside Avenue
Suite 200
Cleveland, Ohio  44113

For Defendant-Appellant:     Atimoha M. DeRisse, *Pro se*
5021 Aravesta Ave, #04
Boardman, Ohio  44512

JUDGES:

Hon. Cheryl L. Waite
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated:  February 18, 2016

WAITE, J.

**{¶1}** This is a *pro se* appeal by Appellant Atimoha M. DeRisse from an entry of the Mahoning County Court No. 2 granting summary judgment in favor of Appellee, Capital One Bank USA, N.A. ("Capital One"), in Capital One's action seeking recovery for alleged non-payment due on a credit card account.

**{¶2}** On April 15, 2013, Capital One filed a complaint against Appellant listing his name has "Atimoha M. DeRiss", alleging default on a credit card account. Attached to the complaint was a copy of a credit card billing statement, listing the account member as Atimoha M. DeRisse for an account ending in 7591, and showing a balance due of $1,352.60.

**{¶3}** Appellant acted *pro se* throughout the proceedings. On April 30, 2013, Appellant filed an answer. Capital One filed a motion for default judgment. The trial court granted the motion for default judgment but subsequently vacated judgment, finding that Appellant's response letter served as an answer. A series of *pro se* motions were filed by Appellant including a motion to dismiss. Capital One filed a motion for summary judgment on January 31, 2014. The trial court overruled the motion to dismiss and granted Capital One's motion for summary judgment. The record reflects that Appellant entered into a credit card agreement with Capital One. The record also reveals that Appellant acknowledged both the debt and the default on that debt. The trial court was correct in dismissing Appellant's motion and granting summary judgment in favor of Capital One, and the judgment is affirmed.

<u>History of the Case</u>

**{¶4}** On April 15, 2013, Capital One filed a complaint against Appellant, alleging default on a credit card account. Attached to the complaint was a copy of a credit card agreement and a billing statement listing the account holder as Atimoha M. DeRisse for an account ending in 7591. The filings showed a balance due of $1,352.60. The complaint was sent via certified US mail to "Atimoha M. DeRiss" at the address listed on the credit card billing statement on April 24, 2013. Said certified mail service was returned on April 30, 2013, indicating a failure of service and stamped "refused".

**{¶5}** It should be noted that Appellant proceeded *pro se* throughout the entire action. On April 30, 2013, Appellant filed a letter inquiring about whether there was a summons to appear.

**{¶6}** Capital One filed a motion for regular mail service on May 17, 2013, still listing the defendant as "Atimoha M. DeRiss." On June 5, 2013, Appellant filed a response letter wherein he stated, "I cannot deny the validity of this debt amounted to $1352.60," and that "I failed to pay." Capital One filed an amended complaint on June 14, 2013, changing the name of the defendant from "Atimoha M. DeRiss" to "Atimoha M. DeRisse AKA Atimoha M. DeRiss."

**{¶7}** On August 12, 2013, Capital One filed a motion for default judgment which was granted by the trial court in a judgment entry dated August 15, 2013. In response, Appellant filed a letter on August 14, 2013, contesting the default judgment and stating, "I did not have my day in court yet." On August 27, 2013, the trial court vacated the default judgment, finding:

DEFENDANT'S LETTER OF 8/14/13 TREATED AS AN ANSWER TO PLAINTIFF'S AMENDED COMPLAINT OF 6/14/13 THOUGH NO LEAVE WAS REQUESTED OR GRANTED TO FILE SUCH ANSWER. * * * THE MAGISTRATE NOTES THAT THE DOCKET REFLECTS A PRIOR ANSWER BEING FILED BY THE DEFENDANT ON 6/5/13. SUCH "ANSWERS" ARGUABLY PRECLUDE DEFAULT JUDGMENT.

(8/27/13 J.E.)

{¶8} On October 7, 2013, Appellant filed a motion to dismiss. The record reflects that the motion was never served on Capital One. The matter was set for trial. On January 31, 2014, Capital One filed a motion for summary judgment. Attached to the motion were copies of monthly account statements, as well as the credit card agreement. On February 3, 2014, Appellant again filed a letter to the court asking whether the trial court was the right venue for a "commercial matter." On February 28, 2014, Capital One filed a brief in support of the motion for summary judgment, a motion to strike as well as a brief in opposition to Appellant's *ex parte* communication with the trial court regarding both Appellant's October 7th motion to dismiss and February 3rd letter to the court.

{¶9} A non-oral hearing was held on March 17, 2014. A magistrate's decision was issued on March 24, 2014, in which Appellant's motion to dismiss was overruled; Capital One's summary judgment motion was granted; and judgment was granted in favor of Capital One against Appellant in the amount of $1,352.60 plus interest from the date of judgment plus costs. No objections to the magistrate's

decision were filed. On March 31, 2014, Appellant filed a motion to vacate judgment with the trial court which was not signed. On April 10, 2014, Capital One filed a brief in opposition to the motion to vacate. Finally, on May 27, 2014, the trial court filed a judgment entry denying Appellant's motion to vacate the judgment; overruling Appellant's motion to dismiss and granting Capital One's motion for summary judgment. Appellant subsequently filed another motion to dismiss without prejudice on June 17, 2014, but timely appeals from the trial court's May 27, 2014 final judgment. He raises two assignments of error for our review:

<u>ASSIGNMENT OF ERROR NO. 1</u>

THE TRIAL COURT ERRED BY DENYING DEFENDANT'S MOTION TO DISMISS THE CASE FOR LACKING LEGAL STANDING AND SUBJECT MATTER JURISDICTION.

<u>ASSIGNMENT OF ERROR NO. 2</u>

THE TRIAL COURT ERRED BY DENYING DEFENDANT'S MOTION TO VACATE A VOID JUDGMENT BASED ON A MERE RECITAL OF PLAINTIFFS ARGUMENTS.

{¶10} At the outset, we note that no brief has been filed by Appellee Capital One in this appeal. Moreover, we note that Appellant continues to act *pro se* throughout not only the trial court proceedings but also on appeal. His brief does not comply with the Ohio Rules of Appellate Procedure. He does not cite any Ohio law and instead references a wide range of caselaw from multiple state and federal jurisdictions, little of which has any relevance in this appeal. This alone would be

grounds for us to disregard his assigned errors. App.R. 12 (A)(2) and 16(A)(7); *see also Carpino v. Wheeling Volkswagen-Subaru*, 7th Dist. No. 00 JE 45, 2001-Ohio-3357. A party proceeding *pro se* is held to the same standard as litigants who have retained legal counsel. *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶10. Courts may grant *pro se* litigants reasonable latitude but cannot disregard the Rules of Civil Procedure to accommodate a litigant who fails to obtain legal counsel. *Robb v. Smallwood*, 165 Ohio App.3d 385, 2005-Ohio-5863, 846 N.E.2d 878, ¶5.

**{¶11}** More significantly, however, the record reveals that Appellant did not file objections to the magistrate's decision under Civ.R. 53. Because of this reason, we are barred from addressing his assigned errors.

**{¶12}** Civ.R. 53(D)(3)(b)(iv) states:

Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

**{¶13}** The magistrate's decision in this case also notified the parties, "[p]ursuant to Rule 53 of the Ohio Rules of Civil Procedure the parties have fourteen (14) days within which to file objections to the Decision of Magistrate." (3/24/14 Mag. Dec., p. 3.)

**{¶14}** The Supreme Court of Ohio has held that a party's failure to object to a magistrate's decision precludes that party from appealing the decision. *State ex rel. Findlay Industries v. Indus. Comm.*, 121 Ohio St.3d 517, 2009-Ohio-1674, 905 N.E.2d 1202, at ¶3. Moreover, we have held that a failure to file objections to a magistrate's decision pursuant to Civ.R. 53 prohibits further inquiry into the merits of the substantive arguments by this Court. *Sadlowski v. Boardman Local Schools*, 7th Dist. No. 12 MA 132, 2013-Ohio-2870.

**{¶15}** Because Appellant did not object to the magistrate's decision pursuant to Civ.R. 53, we are barred from addressing his assignments of error, as they all directly relate to the findings and conclusions set forth by the magistrate.

**{¶16}** Regardless, a review of the trial court record, including all exhibits submitted by the parties, does not reveal that plain error occurred on the part of the trial court in adopting the magistrate's decision. In *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997), the Supreme Court of Ohio, in addressing plain error in the civil case context, held:

> In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings.

**{¶17}** The instant matter is not an "extremely rare" case necessitating this Court to apply plain error. There is no evidence from the record that a manifest miscarriage of justice occurred, nor do we find that the judgment "would have a material adverse effect on the character of, and public confidence in, judicial proceedings," if it were to stand. *Id.*

## Conclusion

**{¶18}** In summary, we hold that Appellant's failure to object to the magistrate's decision prohibits further inquiry into the merits of the substantive arguments asserted by Appellant. A review of the record reflects that no plain error occurred on the part of the trial court in its adoption of the magistrate's decision. We hereby overrule Appellant's assignments of error, and we affirm the judgment of the trial court in full.

DeGenaro, J., concurs.

Robb, J., concurs.