[Cite as *Walsh v. Walsh*, 2023-Ohio-1675.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

KENNETH J. WALSH,                    :

    Plaintiff-Appellant,              :

                                                        No. 112341

    v.                                :

CARMELLA A. WALSH,                    :

    Defendant-Appellee.               :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 18, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-970716

---

### *Appearances:*

Kenneth J. Walsh, *pro se.*

The Klammer Law Office, Ltd. and Darya Jeffreys Klammer, *for appellee.*

MARY EILEEN KILBANE, J.:

{¶ 1} Plaintiff-appellant Kenneth J. Walsh ("Kenneth") appeals the trial court's January 10, 2023 judgment entry that granted defendant-appellee Carmella A. Walsh's ("Carmella") motion to dismiss. For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} Kenneth and Carmella married on July 9, 1983. In 1997, Kenneth and Carmella purchased real property on Village Trail in Gates Mills, Ohio ("Village Trail property"). The property deed associated with the Village Trail property included a survivorship deed that granted both parties equal ownership.

{¶ 3} On November 17, 2016, the Ashtabula County Court of Common Pleas, Domestic Relations Division, entered a decree of dissolution in Ashtabula C.P. No. 2016 DR 0334, thereby dissolving the marriage of Kenneth and Carmella. Kenneth filed three unsuccessful appeals, both during and after the domestic relations proceedings, and on December 31, 2020, March 31, 2022, and September 26, 2022, the Eleventh District Court of Appeals issued corresponding opinions. *See Walsh v. Walsh*, 11th Dist. Ashtabula No. 2020-A-0050, 2020-Ohio-6998, *Walsh v. Walsh*, 11th Dist. Ashtabula No. 2022-A-0004, 2022-Ohio-1101, and *Walsh v. Walsh*, 11th Dist. Ashtabula No. 2022-A-0030, 2022-Ohio-3373.

{¶ 4} On November 2, 2022, two months after the Eleventh District issued its third opinion on the underlying dissolution decree, Kenneth filed a complaint, pro se, with the Cuyahoga County Common Pleas Court and alleged Carmella was required to share in the costs related to the Village Trail property. Kenneth premised his complaint on R.C. 5302.20(C)(1) and sought an amount in excess of $35,000, plus punitive damages and court costs.

{¶ 5} On December 16, 2022, Carmella filed a motion to dismiss Kenneth's complaint pursuant to Civ.R. 12(B)(1) for lack of subject-matter jurisdiction and

Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted. On December 30, 2022, Carmella filed a motion to supplement her motion to dismiss and attached the following documents from the parties' dissolution: September 6, 2016 petition for dissolution of marriage and separation agreement; November 9, 2016 magistrate's decision; November 17, 2016 judgment entry of dissolution of marriage; and April 14, 2022 judgment entry.

**{¶ 6}** On December 23, 2022, Kenneth filed a brief in opposition to Carmella's motion to dismiss. On January 4, 2023, Kenneth filed a motion entitled "complaint clarification" and argued that his complaint filed with the Cuyahoga County Common Pleas Court was a separate action from the parties' domestic relations proceedings.

**{¶ 7}** On January 10, 2023, the trial court summarily granted Carmella's motion to dismiss with no explanation for the basis of its ruling, and the case was dismissed with prejudice. On January 20, 2023, Kenneth filed a timely notice of appeal presenting a single assignment of error:

> The trial court erred by prematurely dismissing the case on the complaint only without stating a reason.

**Legal Analysis**

**{¶ 8}** Kenneth's assignment of error states that the trial court erred when it granted Carmella's Civ.R. 12(B) motion to dismiss "without stating a reason" for the dismissal. Kenneth's appellate brief — that references Civ.R. 12(C) and Civ.R. 8 case law — cites authority wholly unrelated to the trial court's dismissal.

{¶ 9} App.R. 16(A)(7) requires an appellant to include within his brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." *See Giannini v. Maston*, 7th Dist. Mahoning No. 02 CA 107, 2003-Ohio-1237, ¶ 9 (assignment of error that attempted to incorporate unrelated issues and cited irrelevant authority failed to comply with App.R. 16(A)). According to App.R. 12(A)(2), an appellate court may decline to address an assignment of error if an appellant fails to cite any legal authority to support his argument. *Thornhill v. Thornhill*, 8th Dist. Cuyahoga No. 92913, 2009-Ohio-5569, ¶ 11 (court declined to address assignments of error when appellant failed to cite any supporting case law or statute); *Capital One Bank USA, N.A. v. DeRisse*, 7th Dist. Mahoning No. 14 MA 75, 2016-Ohio-648, ¶ 10 (the absence of relevant Ohio case law was grounds to disregard assignment of error).

{¶ 10} "Appellate courts are not advocates." *Taylor-Stephens v. Rite Aid of Ohio*, 8th Dist. Cuyahoga No. 106324, 2018-Ohio-4714, ¶ 121. The appellant, rather than the appellate court, bears the burden to construct the necessary legal arguments that support the designated assignments of error. *Doe v. Cuyahoga Cty. Community College*, 8th Dist. Cuyahoga No. 110590, 2022-Ohio-527, ¶ 26, citing *Taylor-Stephens*. Further, "[p]ro se litigants are presumed to have knowledge of the law and legal procedures, and are held to the same standard as litigants who are represented by counsel." *Saeed v. Greater Cleveland Regional Transit Auth.*, 8th

Dist. Cuyahoga No. 104617, 2017-Ohio-935, ¶ 7, citing *In re Application of Black Fork Wind Energy, L.L.C.*, 138 Ohio St.3d 43, 2013-Ohio-5478, 3 N.E.3d 173, ¶ 22.

{¶ 11} Kenneth, a pro se litigant, failed to cite any relevant legal authority in support of his contention that the trial court erred when it granted Carmella's Civ.R. 12(B) motions to dismiss. Kenneth has the burden to affirmatively demonstrate error on appeal. App.R. 16(A)(7). It is not this court's duty to construct legal arguments to support an appellant's appeal. *State ex rel. Petro v. Gold*, 166 Ohio App.3d 371, 2006-Ohio-943, 850 N.E.2d 1218, ¶ 94 (10th Dist.). We decline to review Kenneth's assignment of error pursuant to the appellate rules and, therefore, Kenneth's assignment of error is overruled.

{¶ 12} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

ANITA LASTER MAYS, A.J., and
MICHAEL JOHN RYAN, J., CONCUR