[Cite as *State v. Warr*, 2025-Ohio-1935.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 114686 |
| v. | : | |
| JAMES R. WARR III, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED IN PART, VACATED IN PART, AND REMANDED
**RELEASED AND JOURNALIZED:**  May 29, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-688242-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Chauncey Keller, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Robert McCaleb, Assistant Public Defender, *for appellant*.

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendant-appellant James R. Warr III ("Warr") appeals from his indefinite sentence imposed by the trial court under the Reagan Tokes Law. Warr

argues his sentence is contrary to law because the trial court failed to adequately inform him about the nature of the indefinite sentence as required under R.C. 2929.19(B)(2)(c). The State concedes the error presented by Warr. We agree and remand the case to the trial court for the limited purpose of providing Warr with the statutorily required advisements.

**Factual and Procedural History**

{¶ 2} A Cuyahoga County Grand Jury indicted Warr on 14 counts, and Warr pleaded not guilty to the indictment.

{¶ 3} The trial court conducted a change-of-plea hearing on October 21, 2024. Warr pleaded guilty to amended Count 1, trafficking in violation of R.C. 2925.03(A)(2), a felony of the first degree; amended Count 3, trafficking in violation of R.C. 2925.03(A)(2), a felony of the second degree; Count 9, possessing criminal tools in violation of R.C. 2923.24, a felony of the fifth degree; Count 10, having weapons while under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree; and amended Count 12, endangering children in violation of R.C. 2919.22, a misdemeanor of the first degree. All counts, except the misdemeanor, carried forfeiture specifications. The trial court notified Warr that amended Count 1 was subject to an indefinite sentence under the Reagan Tokes Law, and the State nolled all remaining counts.

{¶ 4} The trial court held a sentencing hearing on November 20, 2024. The trial court initially informed Warr that amended Count 1 was subject to the Reagan Tokes Law, which could result in additional time served in prison. The trial court

specifically stated — as required under R.C. 2929.19(B)(1) — that before imposing a sentence, it considered the record, the presentence-investigation report, and any written and oral statements made to the court. Tr. 49. The court then sentenced Warr to four years on amended Count 1, three years on amended Count 3, one year on Count 9, two years on Count 10, and six months of local incarceration on amended Count 12, with each sentence to be served concurrently for a total mandatory term of four years. The trial court further provided Warr the following advisements about the Reagan Tokes Law:

> Reagan Tokes is based upon your conduct when you get to prison. So it's a new law. If you have a lot of violations while you're in prison, they can keep you up to [six] years on this case; but if you don't, then you would get out no later than the [four] years.

Tr. 60-61. The trial court issued a judgment entry reflecting the sentence for each count and stating amended Count 1's indefinite sentence was subject to a minimum term of four years and a maximum term of six years. Nov. 22, 2024 judgment entry.

{¶ 5} Warr filed a timely notice of appeal on December 20, 2024, presenting one assignment of error:

> The sentence imposed was contrary to law because the trial court failed adequately to inform Mr. Warr about the nature of the indefinite sentence imposed on Count 1 pursuant to S.B. 201.

The State filed a notice of conceded error pursuant to Loc.App.R. 16(B).

**Legal Analysis**

{¶ 6}   According to R.C. 2929.19(B)(2)(c), a trial court must inform a defendant of the following notifications when imposing a non-life felony indefinite prison term:

> (i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;
>
> (ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;
>
> (iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;
>
> (iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;
>
> (v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

A trial court need not use the precise wording of the statute, but it must convey the required information at the time of sentencing. *State v. Bradley*, 2022-Ohio-2954, ¶ 13 (8th Dist.); *State v. Gates*, 2022-Ohio-1666, ¶ 25 (8th Dist.).

{¶ 7} Our review of the sentencing transcript demonstrates that the trial court did not fully inform Warr of the R.C. 2929.19(B)(2)(c) notifications. The State concedes this issue. This court has held that such an error does not undermine the conviction and the appropriate remedy is to remand the case for the limited purpose of providing the required notifications. *Bradley* at ¶ 13; *Gates* at ¶ 27; *State v. Mann*, 2024-Ohio-2175, ¶ 275 (8th Dist.).

{¶ 8} Thus, we sustain Warr's assignment of error, vacate his indefinite sentence on amended Count 1, and remand the case for resentencing of that offense for the sole purpose of providing Warr with the requisite R.C. 2929.19(B)(2)(c) notifications.

{¶ 9} Judgment affirmed in part and vacated in part; case remanded.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

LISA B. FORBES, J., and
MARY J. BOYLE, J., CONCUR