[Cite as *State v. Cook*, 2025-Ohio-2776.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

      Plaintiff- Appellee,          :

                                    No. 114609

    v.                                        :

DAKAREE COOK,                              :

      Defendant-Appellant.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, VACATED IN PART,
                AND REMANDED
**RELEASED AND JOURNALIZED:** August 7, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-688153-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Adrienne E. Linnick, Assistant Prosecuting
Attorney, *for appellee.*

Law Office of Timothy Farrell Sweeney and Timothy F.
Sweeney, *for appellant.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendant-appellant Dakaree Cook ("Cook") appeals from the judgment convicting and sentencing him for involuntary manslaughter, felonious assault, and tampering with evidence pursuant to a plea agreement with the State that included an agreed-upon sentencing range. On appeal, Cook challenges (1) the sentences imposed by the trial court; (2) the sufficiency of the trial court's sentencing entry; (3) the sufficiency of the trial court's notifications concerning postrelease control and the imposition of non-life indefinite sentences (commonly referred to as the "Reagan Tokes Law" and "S.B. 201"); and (4) the constitutionality of the Reagan Tokes Law.

{¶ 2} Upon a thorough review of the record and applicable law, we affirm in part the sentences imposed by the trial court. We vacate the portion of Cook's sentence insufficiently notifying him of postrelease control and remand this case back to the trial court for a limited resentencing hearing for the sole purpose of properly advising Cook of postrelease control and to include that notice in the sentencing entry. We also order the trial court to issue a nunc pro tunc entry to correct a clerical error in its sentencing entry. The remaining portions of Cook's sentences are affirmed.

## I.  Procedural History and Relevant Facts

### A.  Indictment

{¶ 3} In January 2024, Cook was charged in an eight-count indictment in connection with the murder of Anthony Hairston, Jr.  The indictment charged Cook with the following offenses:

1. Aggravated murder, in violation of R.C. 2903.01(A), an undefined felony, with one- and three- year firearm specifications;

2. Murder, in violation of R.C. 2903.02(A), an undefined felony, with one- and three-year firearm specifications;

3. Murder, in violation of R.C. 2903.02(B), an undefined felony, with one- and three- year firearm specifications;

4. Felonious assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree, with one- and three-year firearm specifications;

5. Felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree, with one- and three-year firearm specifications;

6. Tampering with evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree;

7. Receiving stolen property, in violation of R.C. 2913.51(A), a felony of the fourth degree; and

8. Carrying a concealed weapon, in violation of R.C. 2923.12(A)(2), a felony of the fourth degree, with a furthermore clause noting that the weapon involved was a firearm that was either loaded or for which the offender had ammunition ready at hand.

### B.  Plea Agreement

{¶ 4} On October 9, 2024, Cook entered into a plea agreement with the State. As consideration for the plea, the State amended Count 3 of the indictment to involuntary manslaughter, a felony of the first degree, with a three-year firearm

specification. The one-year firearm specification was deleted. Count 4 was amended with the one- and three-year firearm specifications being deleted. Cook pleaded guilty to Counts 3, 4, and 6 as amended. Counts 1, 2, 5, 7, and 8 were nolled. As part of the plea agreement, the parties agreed that these offenses are not allied and would not merge for the purposes of sentencing. The parties also agreed to a jointly recommended sentencing range on the underlying felonies of 18 to 25 years in prison, plus the tail pursuant to Reagan Tokes. The details of this plea were journalized in the trial court's judgment entry filed October 9, 2024.

{¶ 5} Prior to entering his plea, the trial court advised Cook of the maximum sentences that could be imposed on each offense, as well as an explanation of the Reagan Tokes notifications set forth in R.C. 2929.19(B)(2)(c). The trial court also advised Cook that since the parties agreed the offenses were not allied, the court could order the sentences run consecutively to one another. With respect to the agreed recommended sentence, the trial court advised Cook that the court was not bound to the agreed recommended sentence, but that in these types of cases, the trial court typically does accept the agreed recommended sentence.

## C. Sentencing

{¶ 6} Sentencing occurred on November 6, 2024. The trial court imposed an aggregate sentence within the recommended agreed-upon range of 25 years, plus the Reagan Tokes tail. Cook was sentenced to 11 years on Count 3, with a tail of 5½ years, plus three years on the mandatory firearm specification; 8 years on Count 4;

and 36 months on Count 6.  The offenses were ordered to run consecutively for a total aggregate sentence of 25 years, with a tail of 5½ years.

{¶ 7} The trial court advised Cook that upon his release he would be subject to postrelease control for a mandatory minimum of two years up to five years.  The trial court did not orally advise him of the consequences he faced if he violated the terms of postrelease control, despite this notification's inclusion in the journal entry.

**D. Appeal**

{¶ 8} Cook filed a notice of appeal from the trial court's sentencing entry.  He presents four assignments of error for our review:

> 1. The trial court erred when it sentenced Cook to maximum sentences on all counts and further erred when it ordered the sentences to be served consecutively.
>
> 2. The court's judgment entry of sentence fails to accurately reflect Cook's offense of conviction and sentence; the court's judgment entry of sentence must be vacated and a corrected entry issued.
>
> 3. The trial court's advisements of and notifications to Cook about both postrelease control and the Reagan Tokes law — which the court provided during the sentencing hearing and in the sentencing journal entry — were deficient and contrary to law, thereby mandating resentencing.
>
> 4. S.B. 201 (Reagan Tokes) violates the Sixth Amendment right to trial by jury and Fourteenth Amendment due process and the associated provision of the Ohio Constitution, Article I, Sections 5, 10, and 16.

## II. Law and Analysis

### A. First Assigned Error for Review

{¶ 9} In his first assigned error for review, Cook challenges the sentences imposed by the trial court, including the trial court's decision to run the sentences consecutively to one another. Since the aggregate sentence imposed by the trial court falls within the jointly recommended sentence agreed to by the parties, Cook's sentence is not subject to review.

{¶ 10} R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "'It does not matter if the jointly recommended sentence is a range or a specific term, as long as the sentence is authorized by law, the sentence is not reviewable.'" *State v. Curry,* 2023-Ohio-1571, ¶ 16 (8th Dist.), quoting *State v. Grant,* 2018-Ohio-1759, ¶ 29 (8th Dist.).

{¶ 11} Cook argues that this provision should not apply for three reasons. Cook claims that his sentence is reviewable because (1) the plea colloquy does not include a waiver with respect to the trial court's obligations when imposing consecutive sentences; (2) the trial court attempted to justify the imposition of consecutive sentences at the hearing but failed to include its justifications in its journal entry; and (3) the sentences within the agreed range were capable of being reached in this case without the need for consecutive sentences. He fails to direct this court to any authority in support of his arguments.

{¶ 12} This court has recognized that "'[a] trial court's imposition of nonmandatory consecutive sentences within an agreed sentencing range is a jointly recommended sentence that is authorized by law and not reviewable on appeal under R.C. 2953.08(D)(1).'" *Curry* at ¶ 16, quoting *Grant* at ¶ 29. Here, Cook challenges the trial court's findings with respect to the imposition of consecutive sentences. However, this court has recognized that "[i]n the context of a jointly recommended sentence that includes nonmandatory consecutive sentences, a trial court is not required to make the consecutive sentence findings under R.C. 2929.14(C)(4) or include those in the sentencing entry." *State v. Coleman,* 2022-Ohio-4013, ¶ 19 (8th Dist.), citing *State v. Sergent,* 2016-Ohio-2696, ¶ 43.

{¶ 13} The sentences imposed by the trial court included terms of nonmandatory consecutive sentences. The aggregate length of the sentences fell within the agreed recommended sentence contemplated by the parties as a result of a plea agreement. As such, the sentence and the trial court's imposition of consecutive sentences are not subject to review pursuant to R.C. 2953.08(D)(1). Accordingly, Cook's first assignment of error is overruled.

## B. Second Assigned Error for Review

{¶ 14} In his second assigned error for review, Cook alleges that the trial court's sentencing entry fails to accurately reflect Cook's conviction and sentence and therefore must be vacated and a corrected entry issued. Specifically, Cook argues that the trial court's sentencing entry fails to note that as a result of the plea

agreement, the one-year firearm specification on Count 3 was deleted, along with the one- and three-year firearm specifications attached to Counts 1, 2, 4, and 5. Cook does not direct us to any authority in support of his claim.

{¶ 15} App.R. 16(A)(7) requires an appellant to include in its brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." As such, pursuant to App.R. 12(A)(2), "an appellate court may decline to address an assignment of error if an appellant fails to cite any legal authority to support his argument." *Walsh v. Walsh,* 2023-Ohio-1675, ¶ 9, citing *Thornhill v. Thornhill,* 2009-Ohio-5569, ¶ 11 (8th Dist.) (court declined to address assignments of error when appellant failed to cite any supporting case law or statute); *Capital One Bank USA, N.A. v. DeRisse,* 2016-Ohio-648, ¶ 10 (7th Dist.) (the absence of relevant Ohio case law was grounds to disregard an assignment of error). It is "[t]he appellant, rather than the appellate court, [who] bears the burden to construct necessary legal arguments [to] support the designated assignments of error." *Walsh* at ¶ 10, citing *Doe v. Cuyahoga Cty. Community College,* 2022-Ohio-527, ¶ 26 (8th Dist.).

{¶ 16} Cook fails to direct us to any legal authority in support of his claim. Accordingly, we need not address his second assignment of error. However, even if we were to address his claims, we would overrule his second assignment of error.

{¶ 17} In *State v. Lester,* 2011-Ohio-5204, the Supreme Court of Ohio set forth the four elements that must be included for a judgment of conviction. The four substantive elements include "(1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Id.* at ¶ 14. The Court explained that while Crim.R. 32(C) required the entry to include the manner of conviction, such as a plea or finding of guilt, it is not a substantive element and may be corrected by a nunc pro tunc entry. *See id.* at ¶ 20.

{¶ 18} Shortly after *Lester* was decided, Crim.R. 32(C) was amended removing the requirement that the judgment of conviction specify the manner of conviction. Crim.R. 32(C) currently provides that

> [a] judgment of conviction shall set forth the fact of conviction and the sentence. Multiple judgments of conviction may be addressed in one judgment entry. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.

{¶ 19} The Staff Notes for the amendment explains the purpose of the amendment as follows:

> Rule 32(C) sets forth the four essential elements required for a judgment of conviction as defined by the Supreme Court of Ohio. *See State v. Lester*, 2011-Ohio-5204. The previous rule arguably required the judgment to specify the specific manner of conviction, e.g., plea, verdict, or findings upon with the conviction is based. The amendment to the rule allows, but does not require, the judgment to specify the specific manner of conviction. When a judgment of conviction reflects the four substantive provisions, as set forth by the Supreme Court of Ohio, it is a final order subject to appeal.

2013 Staff Note, Crim.R. 32. Thus, under the current version of Crim.R. 32(C), "[t]here is no longer any requirement that the judgment entry specify the specific manner of conviction." *State v. Howe,* 2021-Ohio-1676, ¶ 15 (6th Dist.).

{¶ 20} Crim.R. 32(C) does not require the sentencing entry to recite the specifics of the plea agreement with respect to each count, nor the amendments made to each count as a result of the plea agreement. Since the trial court was not required to include a statement regarding the deletion of each firearm specification as result of the plea agreement into its sentencing entry, we find no error with respect to this claim.

{¶ 21} The trial court's sentencing entry, however, does contain a clerical error with respect to Cook's conviction for felonious assault as set forth in Count 4. The trial court's sentencing entry states, "On a former day of court the defendant pleaded guilty to felonious assault R.C. 2903.11(A)(1) F2 *as charged in Count(s) 4 of the indictment.*" (Emphasis added.) This is incorrect. The record indicates that prior to pleading guilty to Count 4, felonious assault, it was amended by deletion of the one– and three–year firearm specifications. Cook did not plead guilty to Count 4 "as charged," but rather he plead guilty to Count 4 "as amended." As such, we remand the case back ordering the trial court to issue a nunc pro tunc entry to correct this clerical error in its sentencing entry.

## C. Third Assigned Error for Review

{¶ 22} In his third assigned error for review, Cook contends that at the sentencing hearing, the trial court (1) failed to properly notify Cook of postrelease

control and (2) failed to provide Cook with the required Reagan Tokes notifications. We will address each claim below.

**Postrelease Control**

{¶ 23} The Supreme Court of Ohio has recognized that when a trial court is imposing a sentence that includes a term of postrelease control, the trial court "'is duty-bound to notify [the] offender at the sentencing hearing about postrelease control and to incorporate postrelease control into its sentencing entry.'" *State v. Grimes,* 2017-Ohio-2927, ¶ 11, quoting *State v. Jordan,* 2004-Ohio-6085, ¶ 22. In order to validly impose postrelease control as part of a defendant's sentence, "the trial court must orally provide all the required advisements at the sentencing hearing and it must incorporate those advisements into the sentencing entry." *State v. Bates,* 2022-Ohio-475, ¶ 12.

{¶ 24} Relevant to this appeal, "[t]he trial court must advise the offender at the sentencing hearing of the term of supervision, whether postrelease control is discretionary or mandatory, and the consequences of violating postrelease control." *Bates* at ¶ 11, citing *Grimes* at ¶ 11. "Among other consequences, an offender's violation of a postrelease-control sanction or condition may result in the [Adult Parole Authority] imposing a prison term on the offender." *Bates* at ¶ 11, citing R.C. 2967.28(F)(3). When a trial court fails to properly inform an offender of postrelease control, the imposition of postrelease control must be vacated and remanded to the trial court for a limited hearing on the imposition of postrelease control. *See State v. Gray,* 2022-Ohio-939, ¶ 15 (8th Dist.) (vacating the postrelease

control portion of the defendant's sentence and remanding for a limited hearing on postrelease control).

{¶ 25} Here, it is undisputed that while the trial court's sentencing entry does purport to have advised Cook of postrelease control, a thorough review of the sentencing transcript demonstrates that the trial court failed to notify Cook of the consequences should he violate the conditions of postrelease control. As such, the trial court's notification of postrelease control is insufficient, rendering the sentence "'clearly and convincingly contrary to law.'" *Gray* at ¶ 12, quoting *State v. Fischer,* 2010-Ohio-6238, ¶ 29.

{¶ 26} Accordingly, we vacate the judgment as it relates to the trial court's notification of postrelease control and remand this case back to the trial court for the limited purpose of resentencing to properly notify Cook of postrelease control. *See State v. Kelley,* 2024-Ohio-157, ¶ 87 (8th Dist.).

**Reagan Tokes Notifications**

**1. Failure to Repeat the Reagan Tokes Notifications at Sentencing**

{¶ 27} Pursuant to R.C. 2929.19(B)(2)(c), when imposing a non-life felony indefinite prison term, the trial court is required to inform the defendant of the following:

> (i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

(ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

"A trial court need not use the precise wording of the statute, but it must convey the required information at the time of sentencing." *State v. Warr,* 2025-Ohio-1935, ¶ 6 (8th Dist.), citing *State v. Bradley,* 2022-Ohio-2954, ¶ 13 (8th Dist.).

**{¶ 28}** Neither party disputes that at Cook's change-of-plea hearing, the trial court thoroughly provided Cook with the above notifications. However, R.C. 2929.19(B)(2)(c) requires these notifications to be given at the sentencing hearing. *See State v. Gates,* 2022-Ohio-1666, ¶ 25 (8th Dist.); *State v. Bradley,* 2022-Ohio-2954, ¶ 14 (8th Dist.).

{¶ 29} The State concedes that these advisements were not provided at the sentencing hearing but argues that Cook waived the requirement that the trial court repeat the notifications at sentencing. With respect to the challenged advisement, the following exchange occurred between the trial court and defense counsel at sentencing:

> THE COURT: [Counsel], we discussed at the time of the plea the application of the Reagan Tokes Law. Do you believe I ought to instruct your client again as to that, or are you satisfied by the Court's earlier recitation?
>
> DEFENSE COUNSEL: Your Honor, we are satisfied with the prior recitation. Thank you very much.

{¶ 30} The invited-error doctrine "'is a branch of the waiver doctrine that estops a party from seeking to profit from an error that the party invited or induced.'" *O'Malley v. Laborers' Internatl. Union of N. Am. Local 860,* 2024-Ohio-3103, ¶ 17 (8th Dist.), quoting *Koch v. Rist,* 89 Ohio St.3d 250, 256 (2000). It provides that a party "may not 'take advantage of an error which he himself invited or induced.'" *State v. Grate,* 2020-Ohio-5584, ¶ 197, quoting *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co., Lincoln-Mercury Div.,* 28 Ohio St.3d 20 (1986), paragraph one of the syllabus.

{¶ 31} Here, the record demonstrates that Cook affirmatively consented to the trial court not repeating the Reagan Tokes notifications at the sentencing hearing. Invited error may be found "when a party has asked the court to take some action later claimed to be erroneous, or *affirmatively consented to a procedure the trial judge proposed.*" (Emphasis added.) *State v. Campbell,* 90 Ohio St.3d 320,

324 (2000). As such, any error that occurred as a result of the trial court failing to repeat the above Reagan Tokes notifications at sentencing was affirmatively consented to by Cook at sentencing.

{¶ 32} We recognize that the invited-error doctrine is inapplicable with respect to issues that cannot be waived, such as issues concerning subject-matter jurisdiction. *See Davis v. Wolfe,* 92 Ohio St.3d 549, 552 (2001). *See also State v. Taogaga,* 2002-Ohio-5062, ¶ 31 (8th Dist.). While a court is required to provide the Reagan Tokes notifications at sentencing, its failure to do so does not divest the trial court of jurisdiction. As such, the invited-error doctrine is applicable here. Cook's argument that the trial court erred in failing to repeat the notifications at sentencing is not well taken.

### 2. The Sentencing Entry's Recitation of the Reagan Tokes Notifications

{¶ 33} Cook also contends that the trial court's sentencing entry with respect to the Reagan Tokes notifications is deficient and inaccurate in two ways. Particularly, Cook takes issue with part of trial court's sentencing entry that reads, in relevant part:

> The court has notified the offender that pursuant to R.C. 2929.19(B)(2)(c):
>
> Offender is eligible for earned reduction of 5 to 15 percent of the minimum prison term imposed for exceptional conduct while incarcerated or adjustment to incarceration, and advised of the basis for rebutting early release pursuant to R.C. 2967.271(F)(4).
>
> If the defendant is not recommended for, or denied earned early release, there is a presumption of release after service of any

specifications and the minimum term. Offender is advised of the bases for the Department of Corrections (DRC) to rebut the presumption at a hearing, and may maintain offender's incarceration for the length of time DRC determines to be reasonable, or through the maximum term if DRC makes the specified determinations under R.C. 2967.271(C).

DRC may make the specified determinations and maintain the offender's incarceration more than one time, but the offender must be released upon the expiration of the offender's maximum term.

{¶ 34} First, Cook argues that the entry is inaccurate since Cook was never notified of these advisements at the sentencing hearing. However, the entry does not say that Cook was notified of these advisements at the sentencing hearing. Rather, the entry states that "[t]he court has notified the offender" of the advisements set forth in 2929.19(B)(2)(c). It is undisputed that at the plea hearing, the trial court fully and adequately advised Cook of the Reagan Tokes notifications set forth in R.C. 2929.19(B)(2)(c). The entry, on its face, is not inaccurate.

{¶ 35} Second, Cook claims that the entry is incomplete because it does not include a list of all the Reagan Tokes notifications that were provided him. In doing so, he fails to direct this court to any authority requiring the trial court to incorporate all the Reagan Tokes notifications into its sentencing entry. Rather, other jurisdictions that have addressed this issue have held that while "trial courts are required to provide all five R.C. 2929.19(B)(2)(c) Reagan Tokes Law notifications to defendants during the sentencing hearing, there is no statutory requirement that those five notifications also be incorporated into the sentencing entry." *State v. Miller,* 2025-Ohio-1920, ¶ 81 (4th Dist.). *See also State v. Rasheed,* 2024-Ohio-

3424, ¶ 102 (2d Dist.) (finding that the trial court did err when it included some, but not all, of the Reagan Tokes notifications in the sentencing entry).

{¶ 36} Accordingly, we find no merit to Cook's claim that the trial court's sentencing entry was insufficient for failing to include each of the Reagan Tokes notifications set forth in R.C. 2929.19(B)(2)(c).

{¶ 37} Cook's third assignment of error is sustained in part with respect to postrelease control and overruled in part with respect to the Reagan Tokes notifications.

**D. Fourth Assigned Error for Review**

{¶ 38} In his fourth and final assigned error for review, Cook challenges the constitutionality of the Reagan Tokes Law, as set forth in R.C. 2967.271. Cook argues that the indefinite sentencing aspect of the Reagan Tokes Law violates due process and a defendant's right to trial by jury.

{¶ 39} We begin by noting that the trial court adopted the jointly recommended agreed sentence as part of the plea agreement. As discussed above, R.C. 2953.08(D)(1) generally precludes review of agreed sentences. Nonetheless, "the [S]upreme [C]ourt has held that constitutional challenges are not within the scope of R.C. 2953.08, and therefore, the statute 'does not preclude an appeal of a sentence on constitutional grounds.'" *State v. Castro,* 2022-Ohio-4327, ¶ 12 (12th Dist.), quoting *State v. Patrick,* 2020-Ohio-6803, ¶ 22. Since Cook's constitutional challenge to his sentence is not barred by R.C. 2953.08(D)(1), we may consider it with respect to the constitutionality of the Reagan Tokes Law.

**{¶ 40}** Cook concedes that the constitutional challenges he makes in his brief have previously been rejected by the Supreme Court of Ohio in *State v. Hacker,* 2023-Ohio-2535. In *Hacker,* the Supreme Court determined that the Reagan Tokes Law does not violate due process, the separation-of-powers doctrine, or the right to jury trial. *Id.* at ¶¶ 13, 28, 40. These are the same constitutional claims Cook advances now.

**{¶ 41}** The Supreme Court's decision in *Hacker* is controlling. Cook agrees that *Hacker* controls, but nonetheless disagrees with the Supreme Court's decision in *Hacker*. Accordingly, Cook's fourth and final assignment of error is overruled.

## III. Conclusion

**{¶ 42}** We affirm, in part, the sentences imposed by the trial court. We vacate the portion of Cook's sentence notifying him of postrelease control and remand to the trial court for a limited resentencing hearing to properly advise Cook of postrelease control and to include that notice in the sentencing entry. We also order the trial court to issue a nunc pro tunc entry to correct the clerical error in its sentencing entry regarding Count 4.

It is ordered that the parties share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

LISA B. FORBES, J., and
KATHLEEN ANN KEOUGH, J., CONCUR