[Cite as *State v. Jackson*, 2026-Ohio-833.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 115167 |
| v. | : | |
| JALEN JACKSON, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 12, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-23-683231-A and CR-23-685374-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Adrienne E. Linnick, Assistant Prosecuting Attorney, *for appellee.*

Susan J. Moran and Michael T. Fisher, *for appellant.*

TIMOTHY W. CLARY, J.:

{¶ 1} Defendant-appellant Jalen Jackson ("Jackson") appeals from his felony sentence. For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} This is an appeal from multiple criminal cases. Because the cases were resolved with a plea agreement, our summary of the facts is limited to what was placed on the record at the sentencing hearing.

{¶ 3} On July 25, 2023, in Cuyahoga C.P. No. CR-23-683231 ("case no. 683231"), a Cuyahoga County Grand Jury indicted Jackson on one count of burglary in violation of R.C. 2911.12(A)(2); one count of theft in violation of R.C. 2913.02(A)(1); and one count of vandalism in violation of R.C. 2909.05(A). This case arose from the burglary of an apartment in Cleveland, Ohio. The victim reported that money and items were taken from his apartment. Jackson was identified as a suspect in this case because blood near a broken window at the apartment's entrance matched Jackson's DNA.

{¶ 4} On October 4, 2023, in Cuyahoga C.P. No. CR-23-685374 ("case no. 685374"), a Cuyahoga County Grand Jury indicted Jackson on one count of receiving stolen property in violation of R.C. 2913.51(A) and one count of obstructing official business in violation of R.C. 2921.31(A) with a furthermore clause. This case arose from a woman reporting that her vehicle and its spare key were taken from her at gunpoint. Jackson was identified as a suspect, and a warrant was issued for his arrest.

{¶ 5} On December 19, 2024, in Cuyahoga C.P. No. CR-24-697745 ("case no. 697745"), a Cuyahoga County Grand Jury indicted Jackson in a third case. He was charged with two counts of murder in violation of R.C. 2903.02(B); aggravated

robbery in violation of R.C. 2911.01(A)(1); grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1); felonious assault in violation of R.C. 2903.11(A)(1); two counts of felonious assault in violation of R.C. 2903.11(A)(2); discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3); failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B); having weapons while under disability in violation of R.C. 2923.13(A)(2); involuntary manslaughter in violation of R.C. 2903.04(A); vehicular assault in violation of R.C. 2903.08(A)(2)(b); trafficking in a fentanyl-related compound in violation of R.C. 2925.03(A)(2); possession of a fentanyl-related compound in violation of R.C. 2925.11(A); trafficking in cocaine in violation of R.C. 2925.03(A)(2); and possession of cocaine in violation of R.C. 2925.11(A).

**{¶ 6}** This case arose when Jackson approached an Amazon delivery driver in Cleveland Heights, Ohio, with a firearm and stole the delivery vehicle. Jackson engaged police in a high-speed chase from Cleveland Heights to the west side of Cleveland. Jackson drove the delivery vehicle the wrong way on I-90 and crashed head-on into a sedan. The driver of the sedan was pronounced dead at the scene, and Jackson proceeded to flee on foot.

**{¶ 7}** Jackson and the State ultimately reached a plea agreement to resolve all three cases, and the court held a plea hearing on March 31, 2025. Pursuant to the plea agreement, in case no. 697745, Jackson would plead guilty to one amended count of involuntary manslaughter, one count of aggravated robbery with a three-year firearm specification and a forfeiture specification, one count of discharge of a

firearm on or near prohibited premises, one count of failure to comply with an order of a police officer with a three-year firearm specification, and one count of having weapons while under disability. In case no. 685374, Jackson would plead guilty to one count of receiving stolen property. In case no. 683231, Jackson would plead guilty to one count of burglary. The remaining counts and specifications in all three indictments would be dismissed.

{¶ 8} While the State was outlining the terms of the plea agreement on the record, the following exchange took place:

> THE STATE: And the parties are agreeing to a recommended sentence of a range of 26 to 34 years with no early release.
>
> THE COURT: 26 to 34 years. That's the underlying base sentence, 26 to 34 years because then there's still the indefinite part, the tail, right?
>
> THE STATE: Right. That would not include the tail, the Reagan Tokes tail.
>
> THE COURT: So if we're looking at this, is it left to the Court to decide how to craft whatever it is to get between 26 and 34?
>
> THE STATE: That is my understanding of how the parties are presenting it, that is the agreed recommended range and the Court is free to obviously sentence however the Court deems appropriate, but if going by that agreed recommended range, that 26 would be the full –
>
> THE COURT: Yes.

(Tr. 9-10.) After the State outlined the aforementioned terms of the plea agreement, the court confirmed with Jackson's counsel that the State had accurately described the agreement. Defense counsel stated:

> The prosecuting attorneys have accurately stated our agreement. My client is aware of his constitutional rights. He's aware of the possible penalties that you may impose upon him. He does understand the agreed upon recommended range that would encompass all three files.

I believe he'll enter pleas today knowingly, intelligently, and voluntarily.

(Tr. 15.)

{¶ 9} The court then engaged in a Crim.R. 11 plea colloquy with Jackson, during which the following exchange took place:

THE COURT: Has anyone made any promises to you if you enter a guilty plea other than the agreed recommended range that was outlined?

JACKSON: Yes, sir.

THE COURT: They have?

JACKSON: Yes, sir.

THE COURT: What else were you promised?

JACKSON: Six years mandatory with 26.

DEFENSE COUNSEL: That's what's been placed on the record.

THE COURT: I'm sorry, what?

DEFENSE COUNSEL: I think he misunderstood. That's what's been placed on the record, the mandatory time and the firearm specification and the recommended range of 26 to 34. Other than that, has anybody promised you anything?

THE COURT: I see, other than that?

JACKSON: Oh, no.

THE COURT: I was confused. Sorry about that.

(Tr. 17-18.)

{¶ 10} The court proceeded with the plea colloquy. The court explained the potential penalties involved in all three cases, including the application of the Reagan Tokes Law to two of the cases. The court specifically reiterated the agreed

recommended sentencing range, stating: "And the plea agreement is that you will serve a base sentence from anywhere to 26 to 34 years." (Tr. 27.) The court further reiterated that the sentences in all three cases would be served concurrently, and specifically confirmed that Jackson understood that he would receive an indefinite sentence:

> THE COURT: But within that range, those will still be subject to an indefinite sentence of Reagan Tokes depending on how I craft it. So do you have any questions about what you're pleading guilty to or the potential penalties?
>
> JACKSON: No, sir.

(Tr. 28-29.)

{¶ 11} The court ultimately accepted Jackson's plea as outlined above and referred him to the court psychiatric clinic for a presentence investigation ("PSI").

{¶ 12} On April 30, 2025, the court held a sentencing hearing. The assistant prosecuting attorney addressed the court, reiterated the agreed recommended sentencing range of 26 to 34 years, and requested the court impose a sentence of 34 years. The assistant prosecuting attorney also read statements from two of the victims. Defense counsel addressed the court and requested the court impose a sentence of 26 years. Jackson also addressed the court.

{¶ 13} The court sentenced Jackson to a total aggregate sentence of 30 to 35 and one-half years. This sentence was comprised of two to three years on the burglary conviction in case no. 683231; one year on the receiving-stolen-property conviction in case no. 685734; and 11 to 16 and one-half years on the involuntary-manslaughter conviction, 11 years on the aggravated-robbery conviction, two years

on the discharge-of-a-firearm conviction, two years on the failure-to-comply conviction, and two years on the having a weapon-while-under-disability conviction in case no. 697745, together with the attendant firearm specifications.[1]  In case no. 697745, the court order the involuntary-manslaughter sentence to be served consecutively to the aggravated-robbery and failure-to-comply sentences.

{¶ 14} Jackson appealed.  He now raises a single assignment of error for our review:

> The trial court erred by imposing excessive sentences which were not supported by the record and were contrary to law.

**Law and Analysis**

{¶ 15} As an initial matter, we note that although Jackson's appeal concerns his sentence in all three of the cases described above, Jackson did not appeal from his sentence in case no. 697745.  No notice of appeal was filed in that case, and the notice of appeal in the instant appeal only includes a reference to case nos. 683231 and 685734.  App.R. 3(D) provides that a notice of appeal "shall designate the judgment, order or part thereof appealed from[.]"  "'Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal.'"  *State v. King*, 2023-Ohio-2390, ¶ 6 (8th Dist.), quoting *Perozeni v. Perozeni*, 2023-Ohio-1140, ¶ 23 (8th Dist.),

---

[1]The court imposed a one-year firearm specification on the involuntary-manslaughter conviction, to be served concurrently to the three-year firearm specifications imposed on the aggravated-robbery and failure-to-comply-convictions, which were ordered to be served consecutively to each other and the underlying offenses.

quoting App.R. 3(A). *See also* Loc.App.R. 3(B)(1). Here, because all three cases were resolved with a global plea agreement and our record includes the transcript of the plea and sentencing hearing for all three cases, we exercise our discretion to address the merits of Jackson's appeal.

{¶ 16} In Jackson's sole assignment of error, he argues that the trial court erred by imposing excessive sentences that were not supported by the record and were contrary to law. Specifically, he argues that the trial court inappropriately imposed the maximum sentence for the offenses of involuntary manslaughter and aggravated robbery. Because the aggregate sentence imposed by the trial court falls within the jointly recommended sentence agreed to by the parties, Jackson's sentence is not subject to review.

{¶ 17} R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Further, "'"[i]t does not matter if the jointly recommended sentence is a range or a specific term, as long as the sentence is authorized by the law, the sentence is not reviewable."'" *State v. Cook*, 2025-Ohio-2776, ¶ 10 (8th Dist.), quoting *State v. Curry*, 2023-Ohio-1571, ¶ 16 (8th Dist.), quoting *State v. Grant*, 2018-Ohio-1759, ¶ 29 (8th Dist.). "When 'a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence.'" *State v. Bennett*, 2023-Ohio-4412, ¶ 26 (8th Dist.), quoting *State v. Porterfield*, 2005-Ohio-3095, ¶ 25.

{¶ 18} Jackson does not cite any law or make any argument as to how his sentence is reviewable by this court. Jackson's sentence was within the range the parties agreed to pursuant to the plea agreement and was authorized by law. Therefore, Jackson's arguments that the trial court did not properly explain its imposition of maximum sentences is not well-taken. Jackson's sole assignment of error is overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIMOTHY W. CLARY, JUDGE

MICHELLE J. SHEEHAN, A.J., and
EMANUELLA D. GROVES, J., CONCUR